Jackson, J.
The principal question in this case turns upon the construction of the memorandum at the foot of the policy declared on. It seems impossible to doubt as to the intention of the parties in making it. The plaintiff had sent orders to London to effect insurance there on the property in question, or on sonrft iart of it; but, it being necessarily uncertain whether those orders would be received and be executed by his agent in London, before intelligence of the safe arrival of the vessel, or of a loss, should reach that place, he wished to have conditional insurance made, to take effect in that event. He intended to be insured here, only to the extent of what he should fail to get insured in England. He disclosed these views to the insurers here, and upon that representation this policy was effected.
But the event, which he intended to guard against, has not occurred. His instructions did reach his correspondent in London, and insurance was seasonably effected there, and did attach, according to the terms of the memorandum. If, then, the defendant is not discharged, it is because the parties have failed, from want of care or skill, to express what they most unquestionably intended.
The plaintiff, however, contends, that, by the terms of the memorandum, this policy was to be void only in case the vessel and cargo should be insured in England; and that, although the vessel appears to have been fully insured there, yet, there having been no Insurance on the cargo, the condition has not happened, and this policy is effectual for the whole.
It is not uncommon, in papers written without much attention to technical and grammatical rules, to find and used for or, and or for and.(1) In this case neither word alone would have clearly [*83 ] expressed the intent of the parties. They intended, *that, if vessel and cargo, or either of them, should be insured in England, this policy should attach only on what should remain uninsured by such policy effected in England.
It is the duty of the Court, after having ascertained the meaning of the parties to a contract, to give it full effect, so far as may be consistent with the principles of the law.
*79 The construction which we have adopted in the present instance, and which seems forced upon us by the nature and circumstances of the case, is confirmed by the legal principles applicable to the contract of insurance. A policy embracing two distinct subjects of insurance is, to many purposes, considered as two distinct policies.(2) Here is one insurance for $3000 on the ship, and another for $1000 on the cargo. The intent and effect of the memorandum is, that, if the ship be insured in England, this insurance on the ship is to be void ; and, if the cargo be insured in England, the insurance made here on the cargo is to be void. Reddendo singula singulis, the memorandum is coextensive with the policy ; and the condition which is to annul the contract is applicable to both or either of its parts, according to the event.
The plaintiff has further contended, that the production by him of the policy effected in England is a. condition precedent to the cancelling of this.
We cannot yield to this construction of the memorandum. The effect of it would be, to put it in the power of the assured to vacate the policy, and obtain a return of the premium, if the vessel should arrive safely ; and to hold the insurer responsible in case a loss should occur. Such a stipulation is utterly inconsistent with the nature of the contract; and could never have been proposed, or acceded to, by men of common understanding. Having agreed that this policy should be void, if insurance should be effected in England, they proceed to specify a particular mode of proving the fact. The clause in question is, in effect, an agreement on the part of the insurer, that he will return the premium, retaining only half per cent., on the bare production of the English * policy, [*84] or a copy of it, without requiring from the assured more formal and complete evidence of the fact. But when the insurer has the affirmative on that question, and it is for his interest to prove the existence of such a policy in England, it is absurd to suppose, that the most satisfactory evidence produced by him should be of no avail, unless his adversary should think fit to aid him, and to furnish additional evidence to the same point.
The opinion which we have formed is founded entirely on the construction of the memorandum ; and not on the idea of a double insurance, or over insurance, such as existed in the cases cited for the defendant on this point.(3) These cases are not applicable to policies made in the form usually adopted here. For many years past the policies effected in this State have almost universally contained a stipulation, that, in case the sum assured, whether by one or *80 more policies, should exceed the value of the property at risk, the first insurers should be liable, and so on successively, according to the time of their respective subscriptions, until the whole property be covered ; and that those, who subscribed afterwards, should be discharged, and return the premium, retaining only half per cent. The question, therefore, of contribution among insurers cannot arise on such a policy, as no insurer is in any case chargeable for more than he is bound eventually to pay on his own account.
We are entirely satisfied that the insurance, so far as respects the ship, is annulled and defeated by the memorandum, and by the events which have occurred ; and the insurance on the cargo is effectual, and the contract in that respect in full force against the defendant.
This brings into view the objection suggested by the defendant, namely, that the plaintiff, having insured for himself, “ or as agent,” cannot, in any view, be entitled to recover more than one half of the sum insured on the cargo.
Here again we may apply the remarks before made as to the phraseology of mercantile contracts, and the case of [ * 85 ] * Rees vs. Abbot there referred to. The parties have agreed, in their statement of the case, that this insurance was in truth made for the use and benefit of the plaintiff and Richardson ; and we see no difficulty in carrying that intention into effect. It is an insurance of all the interest which the plaintiff and Richardson, or either of them, had in the property at risk, to the extent of the sum insured by this policy. If this be not the.meaning, we must suppose that the plaintiff, when procuring this insurance, did not know whether he wanted it for himself or for Richardson ; although he knew that one or the other of them intended to be insured, and he was willing to become responsible for the premium. So as to the insurers, we must suppose that they were willing to insure the sum of $4000 on this vessel and cargo, either for the plaintiff or for Richardson; but that they would not insure for both of them jointly. This is to suppose that both parties acted without motive, or in a manner wholly inconsistent with the usual course of such transactions.
A policy written in the old form, namely, “ as well in the plaintiff’s own name, as for and in the name and names of all and every other person or persons, to whom the same may appertain,” &c., would have better expressed the intent of the parties.† But that form has been disused in this State for twenty years past; and probably was not familiar to the broker, nor to any of the parties concerned. When the defendant agreed t.o insure for the plaintiff as agent, either he was informed that Richardson was the principal, or he waived all information on the subject. In either case the policy is equally valid and effectual.
*81 The declaration has not been exhibited to the Court; and no question has been raised respecting it. Upon the construction which we give to the policy, there is no doubt that the plaintiff might, by an apt declaration, recover the whole amount of the loss in his own name, for the use of himself and Richardson.
*It is, therefore, the opinion of the Court, that the plain- [*86] tiff is entitled to recover for a total loss on the cargo, to the extent of his own and Richardson's interest therein ; from which is to be deducted the amount of the premium notes mentioned in the case ; and the balance to be adjusted according to the agreement of the parties filed in the case.

 Rees vs. Abbot, Cowp. 832.

 Marsh., B. 1, c. 14, § 3.

 Marsh. 146 —1 W. Black. 416. — 4 Dallas, 348. — Ibid., Appendix, 22.

 Hughes, Ins. 120.