ELIHU REED *vs.* THE PACIFIC INSURANCE COMPANY.

One who procures insurance to be made, in his own name, for another person, or for whomsoever it may concern, cannot maintain an action on the policy, in his own name, if his authority is disavowed or revoked, before action brought, unless there is some express provision, in the policy, authorizing him to sue, or he has a lien or other interest, which the party whose property is insured cannot defeat.

One who thus procures insurance on a vessel, not as a broker or general agent, but in pursuance of a specific order, and under directions to forward the policy to the party who gives the order, has no lien on the policy, nor interest in it. And though he be ship's husband for the general management of the vessel insured, yet he has no lien on the policy for the balance of his account.

THIS was an action on a policy of insurance on the brig Lowell, dated November 9th, 1836, effected by " Elihu Reed for Elias Reed, or whom it concerns," for two thousand dollars. The writ was sued out and served on the 17th of November, 1837. The declaration contained an averment, " that the said policy was so effected by the plaintiff, as agent for, and by the authority of, the said Elias Reed, and that he had a lien on the same for his advances and liabilities incurred on account of the said Elias." There was no other averment in the declaration that said Elias was indebted to the plaintiff, or that the plaintiff had incurred any liabilities on his account.

The defendants admitted that a total loss had occurred, for which they were answerable, deducting the salvage.

To support the plaintiff's claim, at the trial, he introduced a letter, written to him by Elias Reed, as follows : " Richmond, 3d November, 1836. Elihu Reed, Boston. Your letter of the 29th October is at hand. On receipt of this, I wish you to get $2,000 insured on the Charles for one year, for whom it may concern, with the usual privileges. I also wish you to get $ 2,000 insured on my half of the Lowell for one year, with the privilege that she has had heretofore when insured in Boston, and have it done for whom it may concern. Send the policies as soon as convenient." The plaintiff also introduced letters written to him from Richmond by said Elias, in which were these passages : " November 17th, 1836. Your letter of the 12th is at hand. I am glad to learn you have got the insurance on the

Lowell and Charles at eight per cent., for they would not do it here for nine per cent., although I think the risk a good one for any office." "December 8th, 1836. Your letters of the 12th November, and 3d December, are at hand. In yours of the 12th November, you inform me that you have insured the Charles and Lowell $ 2,000 on each, agreeably to my order, at eight per cent. per annum. You do not say exactly the day you had 't done. Since the Lowell is lost, it may be of great importance to me to know the time you made the insurance."

The defendants proved, that after the loss, viz. on the 7th of February, 1837, the claim against them for the loss was assigned by Elias Reed to Henry Clarke of Richmond, for a valuable consideration ; that on the 13th of said February, a demand was made on the plaintiff, by A. Stevens, a duly authorized agent of said Clarke, for the delivery of the policy to him for said Clarke ; and that at the time of this demand, the said agent exhibited to the plaintiff an order from Elias Reed, as follows : " Mr. Elihu Reed will please deliver to Mr. A. Stevens the policy of insurance for brig Lowell, Captain Reed, that you had effected in Boston for my account on the 9th November last, and oblige yours, &c. Richmond, 7th February, 1837 : " That the plain tiff refused to deliver the policy to Stevens, stating that there was an account between him and Elias Reed, and that he should retain it until that account should be settled : That notice was given to the defendants, on said 13th of February, by said Stevens, on behalf of said Clarke, not to pay to the plaintiff, and they were also required by said Stevens to pay to him or to said Clarke, and to no one else.

On the 9th of January, 1838, the following letter from Elias Reed was received by the plaintiff. " Richmond, December 23, 1837. Mr. Elihu Reed. Sir ; Understanding that you have commenced a suit against the Pacific Insurance Company to recover a loss under a policy effected by you for me, you are hereby notified that I entirely disavow said suit, and declare that the same was commenced without my knowledge and consent, and contrary to my wishes, as I had, on the 7th of February last, assigned my interest under said policy to Henry Clarke, of which

transfer you were notified by A. Stevens, a few days after it was made."

The defendants gave in evidence two letters from the plaintiff to Elias Reed, in which were these passages. "Boston, November 12, 1836. Your favor of 3d November came duly to hand. I have insured the Lowell and Charles $ 2,000 each at 8 per cent. This is very low for the Charles. I paid 4½ for the six summer months while I owned her, and many of the old offices have declined writing vessels on time. They are written 'Elihu Reed for Elias Reed and whom it concerns.'" — "Boston, December 13, 1836. Your favor of 8th inst. is received. The policies on the Charles and Lowell were executed on the 9th of November, to take effect from their several days of sailing, for one year, viz. the Charles for one year from the 1st of November, and the Lowell from the 27th day of October, for account of whom it might concern on those days. I abandoned the Lowell on the 7th of December, and claimed for total loss. I presume the Lowell stood in your name at the time of loss."

The defendants also proved that the plaintiff, after the loss of the Lowell, viz. on the 13th of February, 1837, brought an action against Elias Reed, in the court of common pleas, and summoned the defendants as trustees of said Elias ; which action was subsequently discontinued as to the trustees, before this suit was commenced.

The plaintiff introduced his son, E. H. Reed, as a witness, who testified that the plaintiff and Elias Reed were partners in 1828 and 1829, when the brig Lowell was new, and that their partnership was dissolved in 1830 : That the brig, being owned by them jointly, continued to run on joint account, the plaintiff acting as ship's husband up to the time of the loss : That the accounts had always been kept at Boston ; that the witness kept the books, and had made up the accounts to December 31st, 1836, and that a balance of $ 3676·81 was due to the plaintiff; that though other transactions were included in this account; besides those of the Lowell, yet that the principal part of it related to that brig, and that if the items, not relating thereto, were

stricken out, the balance in favor of the plaintiff would be larger: That the account was made up since the dissolution, and included no partnership transactions : That the Lowell had been freighting, nearly half the year, between Richmond and Boston, but, during the winter, Elias Reed made up West India voyages from Richmond, and that said Elias had the earnings of three or four voyages, for which he had rendered no account.

Upon this evidence, it was insisted for the plaintiff, that he had such a lien on the policy as enabled him to maintain the action, notwithstanding the acts and claims of Elias Reed, and Clarke his assignee. The defendants denied that the plaintiff had any lien on the policy, or if he had any lien, or right to detain it, that he could maintain an action upon it contrary to the direc tion of Elias Reed or his assignee.

The judge directed a verdict for the plaintiff, for $2,000, (for the purpose of bringing the questions in the case before the court,) which is to be altered, and judgment entered for the true amount of the loss, if the court shall be of opinion that the action can be maintained ; and which is to be set aside and a nonsuit entered, if the court shall be of opinion that this action cannot be maintained.

*F. C. Loring*, for the plaintiff. The defendants cannot be allowed to deny the plaintiff's right to maintain this action. He has a right to sue, wherever the actual interest may be. *Davis* v. *Boardman*, 12 Mass. 80. *Ward* v. *Wood*, 13 Mass. 539. *Mauran* v. *Lamb*, 7 Cow. 174. 1 Chit. Pl. 5. *Res inter alios actæ* cannot be brought into the defence.

If it be objected that, as the plaintiff detained the policy, instead of forwarding it to Elias Reed according to order, he had no lien upon it, the answer is that insurance was made according to order, and Elias Reed expressed his satisfaction, and made no complaint that the policy was detained, thereby waiving his order to forward it.

As Elias Reed was indebted to the plaintiff, chiefly for disbursements, &c. on the Lowell, or in connexion with her, the plaintiff may well maintain this action. Story on Agency, 385. 389. 2 Phil. Ins. (1st ed.) 364.

The plaintiff has not waived his lien by suing out the trustee process. When goods are attached by order of a party who has a lien upon them, the lien is perhaps waived, as the goods are taken away. *Swett* v. *Brown*, 5 Pick. 178. But it is otherwise in case of a trustee process. *Curtis* v. *Norris*, 8 Pick. 280. Besides, it is a question of fact whether the plaintiff intended to waive his lien. *Townsend* v. *Newell*, 14 Pick. 332.

The disavowal of the suit by Elias Reed, after he had assigned his claim, was wholly inoperative. But he had no authority, at any time, to disclaim the suit. The plaintiff had a right to insure, and to retain and sue the policy; and as agent, having a lien, he had a right to use the means necessary to secure the benefit of his lien. Story on Agency, 92, 93, 180.

*Fletcher* and *Sewall*, for the defendants. As the plaintiff and Elias Reed were joint owners of the Lowell, the plaintiff was not a factor of Elias, and had no lien on the policy. Story on Agency, 32. *Thorndike* v. *De Wolf*, 6 Pick. 125. *Merrill* v. *Bartlett*, 6 Pick. 46. *Braden* v. *Gardner*, 4 Pick. 456. The plaintiff was, at the most, an insurance broker, and had a lien only for the balance, if any, of his insurance account. *Olive* v. *Smith*, 5 Taunt. 56. Paley on Agency, 111. 2 Livermore on Princ. & Agent, 80. And even if the plaintiff were factor, the policy did not come into his hands as such, nor was any thing due to him as such, and therefore he had no lien. *Stevenson* v. *Blakelock*, 1 M. & S. 535. Whitaker on Lien, 31, *note.* Montagu on Lien, 34. See also *Holdernes* v. *Collinson*, 7 Barn. & Cres. 212. Story on Agency, 377. A large part of the plaintiff's claim against Elias Reed, as appears on the face of his account, is for unliquidated damages; as for "*fair* charter of the Lowell," &c.; and there can be no lien for such claims. *Phillips* v. *Rodie*, 15 East, 547.

In this case, no lien could accrue to the plaintiff, as he was directed to insure *and send on* the policy. His detention of the policy was tortious, and gave him no rights. *Burn* v. *Brown*, 2 Stark. R. 272. *Hall* v. *Marston*, 17 Mass. 575. 2 Selw. N. Prius, (4th Amer. ed.) 542. 2 Livermore on Princ. & Agent, 51.

The contract of the defendants was not with the plaintiff, and he cannot maintain this action against the will of Elias Reed. He could not have settled with the defendants, even before the assignment, without authority from Elias. A mere lien on a bond or other contract gives no right to sue, but only a right to detain.    Paley on Agency, 107, 108.    Story on Agency, 364.    Yelv. 67 *g*, *note*.

SHAW, C. J.    Although, by usage, one who procures insurance to be made, in his own name, for another person or whomsoever it may concern, may maintain an action in his own name, *Davis* v. *Boardman*, 12 Mass. 80, and *Ward* v. *Wood*, 13 Mass. 539, yet it is upon the presumption that his agency is continued, and not disavowed by the party in real interest. But such person is deemed a mere agent and trustee for the party interested, and if, before suit brought, his authority is disavowed or revoked by the party interested, he cannot maintain an action, unless he shows some express provision, such as "payable to him in case of loss," or some lien or other interest, which the party interested cannot defeat.    *Copeland* v. *Mercantile Ins. Co.* 6 Pick. 198.

In this case, the insurance is in terms made for Elias Reed, and the facts show that it was made by his order, to cover his interest. The policy therefore enures to his benefit, and the right of action follows it.    He therefore had a right to assign the policy and his right to recover a loss thereon, as a chose in action, to Clarke.    He did so assign it, and gave notice thereof to the defendants.    The right and authority of the plaintiff to sue for Elias, was thereby superseded.    Nor does he appear to have any interest of his own in the policy.    The insurance was made by him, not as a broker or general agent, but in pursuance of a specific order, by which he was requested to procure the insurance and forward the policy.    By undertaking to execute the order, he bound himself to comply with the terms, and forward the policy ; and this precludes the supposition, that he was to have any lien upon it, or interest in it.    As ship's husband, for the general management of the vessel as a freighting vessel, he had no lien upon this policy for his balance.    If he gave his own note for

the premium, which does not distinctly appear, it would proba-
bly make no difference ; because, by the terms of the policy,
the premium is to be deducted from the loss, to whomsoever it
may be paid.

*Plaintiff nonsuit*