## HEPBURN et al. *v.* RATLIFF et al.

Where, in an action by the holder of a promissory note endorsed in blank, plaintiff alleges that, by a second endorsement in blank, made by certain persons as commissioners of a bank, the note was transferred to him, the allegation is unnecessary; and, in the absence of any pretence of an equitable defence against the bank, or of plaintiff's having come unfairly by the note, he will not be required to prove the authority of the commissioners.

Notice of protest addressed to the endorser of a note at the post office at which he was in the habit of receiving his letters and papers, mentioning the State in which it is situated, is sufficient, though the name of the parish be not mentioned.

APPEAL from the District Court of West Feliciana, *Boyle*, J.

*Bowman* and *Bonford*, for the appellants. Possession of a promissory note endorsed in blank by the payee, is *prima facie* evidence of title. The note is payable to bearer, and no subsequent endorser can restrain its negotiability. It was unnecessary for the plaintiffs to prove the transfer from the bank commissioners, though, *ex abundanti cautelá*, this was done. See Kent's Commentaries, 3d vol. pp. 89, 90 and 114. Story on Promissory Notes, § 343. *Burnes* v. *Haynes*, 13 La. p. 12. *Fitzwilliams* v. *Willcox*, 2 Robinson, p. 303. As to the want of notice, the notary's certificate shows that the notice to *Barrow* was directed to *St. Francisville, La.*; and the assistant postmaster at that place testifies that, at the time the notice was sent, *Barrow* was in the habit of receiving his letters at that office. It was urged successfully in the court below, by *Barrow*, that the notice was not directed to the *parish* of his domicil, but simply to St. Francisville, La. This technical objection, which rests on no reasonable interpretation of the law of notice, was answered by the court in the case of *Nott's Executors* v. *Beard*, 16 La. 308.

*Ratliff* and *Cowgill*, for the defendant, *Barrow*. The notice should have been addressed to the endorser *Barrow*, at his domicil or usual place of residence. Stat. 13 March, 1827, § 2. It was addressed to him at St. Francisville, and his residence is proved to have been twelve miles from that place. There was, moreover, no proof of the authority of the commissioners of the bank, by whom the note is alleged to have been endorsed to plaintiffs.

The judgment of the court was pronounced by

SLIDELL, J. This suit was brought upon a promissory note, drawn at St. Francisville, by *Ratliff*, to the order of, and endorsed by, *Barrow*. *Barrow's* endorsement is in blank ; the note also has the endorsement in blank of *Harrod & Willard*, styling themselves commissioners. The plaintiffs in declaring on the note, aver, that *Barrow* endorsed it to the Atchafalaya Bank, who transferred it to the plaintiffs.

At the trial, the endorsement of *Barrow* being proved, the plaintiffs proved the handwriting of *Willard & Harrod*, but it was not proved that they were duly authorized commissioners of the Atchafalaya Bank; and it is now contended, that having alleged the ownership of, and transfer by, the Atchafalaya Bank, the plaintiffs were bound to prove it, and that, not having done so, judgment was properly rendered for the defendant, *Barrow*.

As the indorsement of *Barrow* was in blank, the averment of title derived from the Atchafalaya Bank was an unnecessary averment; and in a court proceeding according to the rules of practice at common law, the plaintiffs might have had leave to amend their declaration, and then have struck out the blank endorsements of *Harrod & Willard*. It is not pretended that there was any equitable defence that could have been set up against the bank, nor that the plaintiffs have come unfairly into possession of the note, and the question is

<div style="margin-left:auto">HEPBURN<br>*v.*<br>RATLIFF.</div>

whether, upon a bare technicality of this sort, we will put the plaintiffs to the expence of remanding this cause for the purpose of the formality of amending their petition, and striking out the endorsements of *Harrod & Willard.* We do not think the ends of justice require that we should thus turn the plaintiffs back. See the case of *Emerson* v. *Cutts*, 12 Mass. 79. Disregarding this objection, we proceed to the remaining point in this cause, which is, whether *Barrow* had due notice of protest.

The note was protested in New Orleans, where it was made payable, and on the day of protest the notary put the notice for *Barrow* in the post office at New Orleans, addressed to him at St. Francisville, La. It is proved that *Barrow* resided about twelve miles from the St. Francisville post office, that he had a box in that office, and was in the habit of receiving his letters and papers at that office. It is also fairly inferrible from the record and evidence, that *Barrow* resided in the parish of West Feliciana. The proof of notice is ample. See *Bank of the United States* v. *Carneal*, 2 Peters, 543. Story on Promissory Notes, § 343.

It is therefore decreed that the judgment appealed from be reversed, and the plaintiffs recover of the defendant, *William K. Barrow*, the sum of $500, with interest from the 23d day of January, 1843, and costs in both courts.