## MARTIN v. THE FRANKLIN FIRE INSURANCE COMPANY.

1. On a policy of insurance against loss by fire, under seal, issued to the owner of the property, in which the insurer covenants to make good unto the insured, his executors, administrators, or assigns, all such damage or loss as might happen, &c., the owner may sue in his own name, although it may be written on the face of the policy, "Loss, if any, payable to A B, as mortgagee."

2. The direction on the policy to pay to the mortgagee is not an assignment of the policy. Its legal effect is that of a direction, in advance, as to the mode of payment, which, when made, is performance in the manner agreed to by the insured.

3. Under such a direction, if assented to by the insurer, the person in whose favor the appointment is made acquires equitable rights, which the insurer is bound to regard, but the contract with the insured is not thereby merged or extinguished.

4. In an action on such a policy, in the name of the insured, if the insurer has paid the insurance money to the mortgagee, he may plead such payment as performance, and the rights of the mortgagee can be protected, and the insurer obtain indemnity against a subsequent suit by the mortgagee by the payment of the money into court.

---

On demurrer to the declaration.

Argued at June Term, 1875, before the CHIEF JUSTICE, and Justices DEPUE and VAN SYCKEL.

For the defendants, *Kingman.*

For the plaintiff, *J. B. Vredenburgh.*

Martin v. Franklin Fire Insurance Co.

The opinion of the court was delivered by

DEPUE, J. This action was brought on a policy of insurance against loss by fire, issued by the defendants to the plaintiff on premises in Jersey City. The policy is under seal, and is dated on the 27th of April, 1870. The loss occurred in September of the same year.

The ground of demurrer is, that the action was improperly brought in the plaintiff's name. To sustain the demurrer, the defendants rely on an averment in the declaration, that " on the 30th day of May, 1870, by a certain memorandum written on the face of said policy of insurance, and subscribed by the said defendants, it was agreed as follows, to wit: Loss, if any, payable to Garret G. Vreeland, as mortgagee." On this averment, the contention is that the action is maintainable only in the name of Vreeland.

In *Hillyard* v. *The Mutual Benefit Ins. Co.*, 6 *Vroom* 415, this court held, that where a person takes a policy on his life, payable at his death to a third person, if it be in the form of a simple contract, action may be brought on it by the party having the beneficial interest. This case was affirmed on error, 8 *Vroom* 444. Indeed, it may be stated, as a general rule, that on a life policy where the money to become due under it is payable to certain persons named as beneficiaries, the policy and money payable thereunder belong, the moment it is issued, to the persons designated, and they are the proper parties to receipt for the money, and sue on the policy. The legal representatives of the insured have no claim upon the money, and cannot maintain an action therefor if it be expressed to be for the benefit of some one else. *Bliss on Life Ins.*, § 317.

This rule is founded on the fact that a life policy is a wager policy. It is a mere contract to pay the stipulated sum upon the death of a named individual, in consideration of the payment of the premiums reserved during his life. An interest in the life insured is not necessary to give validity to the contract. *Trenton Mutual Life Ins. Co.* v. *Johnson*, 4 *Zab.* 576 ; *Dalby* v. *The India, &c., Co.*, 15 *C. B.* 365. The rights and obli-

gations of the parties, therefore, are determined by the form of the contract. If, by the terms of the policy, the money is payable to a third person, such person has the sole and exclusive interest in the insurance.

A contract of insurance against loss by fire is a different thing. It is a contract of indemnity, which requires an insurable interest in the property to give it validity. The owner who obtains the insurance, pays the premium, and takes a policy in his own name, is the party insured, although, in case of a loss, payment is to be made to a third person. *Sanford* v. *The Mechanics' Ins. Co.*, 12 *Cush.* 541. If the person to whom the loss is made payable be a mortgagee, the contract, nevertheless, is with the owner, for the insurance of his property, and not with the mortgagee, for the insurance of his interest. *Grosvenor* v. *The Atlantic Ins. Co.*, 17 *N. Y.* 391 ; *Bidwell* v. *The N. W. Ins. Co.*, 19 *N. Y.* 179. To treat the policy of insurance, under such circumstances, as a contract exclusively with the mortgagee, would lead to results in plain violation of the intention of the parties. On such a contract, the measure of liability is the payment of the mortgage money, and on payment thereof the insurer will be remitted to the mortgagee's lien on the mortgaged premises for indemnity. *Insurance Co.* v. *Woodruff*, 2 *Dutcher* 541.

In the present case, in the body of the policy, the defendants expressly covenant, in consideration of the premium paid, to make good and satisfy unto the insured, his executors, administrators or assigns, all such damage or loss as might happen to the property insured, within the period for which the policy was issued. This is the contract between the parties. The direction to pay the sum in which the insurance was effected to the mortgagee, in case of a loss, is collateral to the principal contract, and is not an assignment of the policy.

The legal effect of such a clause in favor of a third person in a policy, in terms between the insurer and the owner, is that of a direction in advance as to the mode of payment, which, when made, is performance of the contract in the

manner assented to by the insured, and discharges the obligation *pro tanto*. This view of the nature of a clause of this kind in a policy, is expressed by Shaw, C. J., in *Fogg* v. *Middlesex Ins. Co.*, 10 *Cush.* 346 ; by Bigelow, J., in *Hale* v. *Mechanics' Ins. Co.*, 6 *Gray* 172; by Dewey, J., in *Loring* v. *The Manufacturers' Ins. Co.*, 8 *Gray* 29 ; by Ames, J., in *Turner* v. *Quincy Ins. Co.*, 109 *Mass.* 573 ; and by Harris, J., in *Grosvenor* v. *Atlantic Mutual*, 17 *N. Y.* 394.

Under such a direction, if assented to by the insurer, the person in whose favor the appointment is made acquires equitable rights, which the insurer is bound to regard, but the contract with the insured is not thereby merged or extinguished. If the appointment be in favor of a mortgagee, it will not operate *pro tanto* as an extinguishment of the mortgage debt. The mortgagee may be content with the security of the remaining property included in his mortgage, or with his remedy on the bond. The interest of the owner in the property, and in having the mortgage debt satisfied, remains, notwithstanding the direction in the policy, to pay the insurance money to the mortgagee in case of a loss. The interest so remaining in the owner is an insurable interest, for the protection of which he may resort to his contract with the insurer.

It has accordingly been held, that on a policy in which the insurer " caused C. & L., for the owners, payable to C. & L.," to be insured, an action might be maintained in the name of the owners, with the consent of C. & L., (*Farrow* v. *The Commonwealth Ins. Co.*, 18 *Pick.* 53,) and that the owner who insures his property by a policy payable to a mortgagee in case of loss, might maintain an action on the policy in his own name, by the consent of the mortgagee, and that such consent may be shown at the trial, or even before judgment entered. *Jackson* v. *Farmer Ins. Co.*, 5 *Gray* 52 ; *Turner* v. *Quincy Ins. Co.*, 109 *Mass.* 568.

In my judgment, a broader principle even may be adopted than was recognized in these cases, and the rule be affirmed on sound legal principles, that an action may be maintained

in the name of the party with whom the contract was made, with or without the consent of the person in whose favor the appointment is made, in all cases where an insurable interest remains in such party. In *Davis* v. *Boardman*, 12 *Mass.* 80, the policy stated that the plaintiff, D., " or as agent," made insurance, &c., it appearing that the insurance was made for the benefit of the plaintiff and another joint owner, and he was allowed to recover the whole loss in his own name, for the use of himself and the other joint owner. In *Ward* v. *Wood*, 13 *Mass.* 539, the declaration alleged that the policy was made to the plaintiff, as well for C. S. as himself, in certain proportions. It was objected, that C. S. should have joined in the action, and was held, by the court, that " it was in conformity with the contract, that the plaintiff should maintain the action in his own name," and that the action was well brought without joining C. S. In *Rider* v. *Ocean Ins. Co.*, 20 *Pick.* 259, the policy on a vessel was issued to the plaintiff, for whom it might concern, loss payable to a third person, who was mortgagee ; the property was the property of the plaintiff and two others. An action in the name of the plaintiff was held to be correctly brought, the court saying that " the suit would have been properly commenced in his own name, even if he had never been interested in the vessel ; but, in such case, he should have averred and proved for whose account the policy was made, and in whom the interest at the time of the loss really was." In *Ketcham* v. *Protection Ins. Co.*, cited in Digest of Insurance Cases, from 1 *Allen* (*N. Bruns.*) *Reports* 136, the insurers consented, by an endorsement on the policy, that the loss should be payable to W., and it was held that such endorsement did not preclude the assured from maintaining an action in his own name. In a mutual company, on a policy " Loss payable to," &c., the action must be brought in the name of the party to the policy who gives the premium note, and thereby becomes a member of the company. *Nevins* v. *Rockingham Ins. Co.*, 5 *Foster* (*N. H.*) 22 ; *Tolson* v. *Belknap Co. Ins. Co.*, 10 *Ib.* 231.

Martin v. Franklin Fire Insurance Co.

I am aware that there are dicta and cases to the contrary effect, but they will be found, in the main, to be cases where the insured had parted with his insurable interest, or made a regular assignment of the policy, which had been ratified by the insurer, under its charter or by-laws, or the question has been as to the right of the person to whom the insurance money is appointed to be paid to sue in his own name.

Where the party with whom the contract of insurance is expressly made, has still an insurable interest to be protected by the policy, and has not assigned it by a legal assignment, it is consistent with settled legal principles to give him a right of action on the policy in his own name. In such an action, if the insurance money be wholly unpaid, the recovery will be for the entire interest in the policy, without regard to the mortgage. No injury will result from such a procedure to any of the parties concerned. If the insurer has paid the money to the mortgagee, he may plead the payment as performance. The breach assigned in the declaration, that the defendant " has not paid or made good the plaintiff's loss, or any part thereof, either to the plaintiff or to the said Garret Vreeland," tenders such an issue. The rights of the mortgagee can also be protected, by payment of the money into court, and the insurer may obtain indemnity against any subsequent suit by the mortgagee, by the action of the court into which the money is paid. If actions be pending at the same time by the owner, and the mortgagee, the court, under its equitable powers, can so control the litigation that no injustice will be done.

The demurrer should be overruled.